UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| MICHELLE GROSS, | CASE FILE 10 CV ___ _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY DEMANDED** |
| CATHERINE McGUIRE, in her individual capacity and her official capacity as a St. Paul police officer acting under color of law | |
| and | |
| CITY OF ST. PAUL, a government entity and political subdivision of the state of Minnesota, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Michelle Gross (Plaintiff, Gross) sues the above individual defendant for actions under color of law as a law enforcement officer and the City of, St. Paul for unreasonable searches and seizures of her person and infliction of excessive, unreasonable force in violation of clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution, through 42 U.S.C. § 1983, and for denial of equal protection under the law on account of her gender, in violation of clearly established rights under the Fourteenth Amendment to the United States Constitution, through 42 U.S.C. § 1983, and Minn. Const. Art. I, §§ 2 and 8. Ms. Gross demands trial by jury.

1

## SUBJECT MATTER JURISDICTION

1. Plaintiff states claims that arise under the United States Constitution.

2. This court has subject matter jurisdiction in accordance with 28 U.S.C. §§ 1331 and 1343(a)(4).

## SUPPLEMENTAL JURISDICTION

3. Plaintiff states claims that arise under the laws of the state of Minnesota.

4. Plaintiff served a notice of claim upon the city of St. Paul within one hundred eighty (180) days of the 29 August 2008 incident giving rise to this lawsuit.

5. The city of St. Paul has actual notice of the events that give rise to this lawsuit.

6. This court has supplemental jurisdiction over plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

## VENUE

7. The substantial number of events that give rise to this lawsuit took place in the City of St. Paul, Ramsey County, Minnesota.

8. Defendant City of St. Paul is a government entity and political subdivision of the state of Minnesota and is found in the Third Division of the United States District Court for the District of Minnesota.

9. Plaintiff has properly laid venue in this court in accordance with 28 U.S.C. § 1291 and LR D. Minn. 83.11

## THE PARTIES

10. Plaintiff is an adult female individual, residing and domiciled in Minneapolis, Hennepin County, Minnesota.

10. Defendant Catherine McGuire is an adult female.

11. At all times relevant to this lawsuit, she acts under color of law as a St. Paul police officer.

12. Ms. Gross sues defendant Catherine McGuire in her individual capacity and her official capacity.

THE FACTS

13. On 29 August 2008, at 627 Smith Avenue, St. Paul, Minnesota, defendant Catherine McGuire unreasonably seized the plaintiff's person in a unlawfully intrusive and sexually offensive manner by manually searching Ms. Gross upon her breasts, beneath her brassiere and her undergarments, for non-existent weapons or contraband while Ms. Ms. Gross was handcuffed behind her back, in the presence of one male police officer and at least one male civilian, under circumstances in which defendant McGuire knew or should have known that (a) Ms. Gross had no weapons or contraband on her person after searching her person without touching her breasts; (b) that no warrant existed to search the person of Ms. Gross in such manner for weapons or contraband; and (c) the manner in which McGuire searched and seized Ms. Gross was degrading, humiliating, and sexually offensive. Ms. Gross was seized thusly, handcuffed, for approximately 1 to 2 hours.

14. With the exception of the search warrant for search of 627 Smith Avenue itself, Defendant McGuire physically seized and intrusively searched plaintiff

unlawfully, without warrant, without probable cause, without exigent circumstances, without her consent, and without lawful authority.

15. Ms. Gross is plaintiff in a related lawsuit, *Gross v. Fletcher et al.*, 09 CV 457 (D. Minn. 2010) (Doty, David S., J.), that alleges the same unreasonable search and seizure.

16. Discovery documents provided in the related case failed to disclose the identity or role of Catherine McGuire.

17. Discovery in the connected case disclosed the existence and identity of Defendant McGuire in April 2010.

18. On information and belief, defendant McGuire knew or should have known that she was the individual defendant who actually unreasonably and intrusively searched and seized Ms. Gross in violation of her clearly established Fourth and Fourteenth Amendment rights protected her from unreasonable seizures and seizures that deny her equal protection of the law because of her gender.

19. Defendant McGuire's and defendant City of St. Paul's actions inflicted damages upon plaintiff.

## CLAIM I: UNREASONABLE SEARCH AND SEIZURE OF PERSON OF PLAINTIFF, IN VIOLATION OF U.S. CONST. AMEND IV AND XIV, THROUGH 42 U.S.C. § 1983

20. Plaintiff realleges and reasserts each and every claim above.

21. Defendant McGuire, in her individual capacity, under color of law, violated plaintiff's clearly established right to be free from unreasonable searches and

plaintiff in violation of her common law right to be free from unlawful, false arrest.

30. Plaintiff suffered damages in excess of $250,000.

## CLAIM V: COMMON LAW FALSE IMPRISONMENT

31. Plaintiff realleges and reasserts each and every claim above.

32 Defendant McGuire, in her individual capacity, under color of law as a St. Paul police officer, falsely imprisoned plaintiff in violation of her common law right to be free from unlawful, false arrest.

33. Plaintiff suffered damages in excess of $250,000.

## CLAIM VI: COMMON LAW FALSE IMPRISONMENT

34. Plaintiff realleges and reasserts each and every claim above.

35.Defendant City of St. Paul, by the actions of Catherine McGuire in her capacity as a St. Paul police officer acting under color of law, falsely arrested plaintiff in violation of her common law right to be free from unlawful, false arrest.

36. Plaintiff suffered damages in excess of $250,000.

## CLAIM VII: COMMON LAW BATTERY

37. Plaintiff realleges and reasserts each and every claim and averment above.

38. Defendant McGuire in her individual capacity acting under color of loaw committed offensive, unconsented physical contact with the person of the plaintiff constituting a battery, and inflicted personal bodily injuries upon plaintiff.

39. Plaintiff suffered damages in excess of $250,000.

## CLAIM VIII: COMMON LAW BATTERY (CITY OF ST. PAUL)

40. Plaintiff realleges and reasserts each and every claim above.

41. Defendant City of St. Paul, by respondeat superior, by the actions of defendant Catherine McGuire, committed offensive, unconsented physical contact with the person of the plaintiff a battery, and inflicted personal bodily injuries upon plaintiff.

42. Plaintiff suffered damages in excess of $250,000.

## CLAIM IX: COMMON LAW ASSAULT

43. Plaintiff realleges and reasserts each and every claim and averment above.

44. Defendant Catherine McGuire in her individual capacity under color of law as a St. Paul police officer, committed offensive, unconsented physical contact with the person of the plaintiff and inflicted fear of bodily harm so as to constitute an assault, and inflicted personal bodily injuries upon plaintiff.

45. Plaintiff suffered damages in excess of $250,000

## CLAIM X: COMMON LAW ASSAULT (ST. PAUL)

46. Plaintiff realleges and reasserts each and every claim above.

47. Defendant City of St. Paul, by respondeat superior, by the actions of defendant Catherine McGuire, committed offensive, unconsented physical contact with the person of the plaintiff and inflicted fear of bodily harm so as to constitute an assault, and inflicted personal bodily injuries upon plaintiff.

48. Plaintiff suffered damages in excess of $250,000.

**CLAIM XI: COMMON LAW INVASION OF PRIVACY**

49. Plaintiff realleges and reasserts each and every claim and averment above.

50. Defendant Catherine McGuire, in her individual capacity under color of law as a St. Paul police officer, intruded into the seclusion of the plaintiff's person so as to constitute a trespass, and inflicted personal bodily injuries upon plaintiff.

51. Plaintiff suffered damages in excess of $250,000

**CLAIM XII: INVASION OF PRIVACY (~~RAMSEY COUNTY AND~~ CITY OF ST. PAUL)**

52. Plaintiff realleges and reasserts each and every claim above.

53. Defendant City of St. Paul, by respondeat superior, by the actions of defendant Catherine McGuire, intruded into the seclusion of the plaintiff's person so as to constitute a trespass, and inflicted personal bodily injuries upon plaintiff.

54. Plaintiff suffered damages in excess of $250,000.

**CLAIM XIII: FOURTEENTH AMENDMENT, THROUGH 42 U.S.C. § 1983**

55. Plaintiff realleges and reasserts each and every claim and averment above.

56. Defendant Catherine McGuire, in her individual capacity acting under color of law as a St. Paul police officer, committed offensive, intrusive, unconsented, and unlawful physical contact with the person of the plaintiff because of her gender, in violation of her clearly established rights to be free from gender discrimination and denial of equal protection of the law, in violation of U.S. Const. amend. XIV, protected through 42 U.S.C. § 1983, and inflicted personal bodily injuries upon plaintiff.

57. Plaintiff suffered damages in excess of $250,000.

## CLAIM XIV: MINN. CONST. ART. I, §§ 2, 10, AND 8

58. Plaintiff realleges and reasserts each and every claim and averment above.

59. Defendant Catherine McGuire, in her individual capacity acting under color of law as a St. Paul police officer, committed unreasonable search and seizure and offensive, unconsented physical contact with the person of the plaintiff because of her gender, in violation of her clearly established rights to be free from gender discrimination and denial of equal protection of the law, in violation of Minn. Const. Art. I, §§ 2, 10, and 8, and inflicted personal bodily injuries upon plaintiff.

60. Plaintiff suffered damages in excess of $250,000.

## CLAIM XV: MINNESOTA HUMAN RIGHTS ACT

61. Plaintiff realleges and reasserts each and every claim and averment above.

62. Defendants City of St. Paul, by respondeat superior and the acts of defendant Catherine McGuire, violated plaintiff's rights to be free from gender discrimination in the administration of public services, in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.12 subd. 1.

63. Plaintiff suffered damages in excess of $250,000.

## CLAIM XVII: MINNESOTA GOVERNMENT DATA PRACTICES ACT (CITY OF ST. PAUL)

64. Plaintiff realleges and reasserts each and every claim and averment above.

65. Plaintiff sought access to all data of and concerning herself from the city of St. Paul, and all public data of and concerning the warrant execution at 627 Smith Avenue.

66. Ms. Gross sought access from the city of St. Paul on or about 6 February 2010.

67. The City of St. Paul failed to provide data so as to identify defendant McGuire as a participant in the warrant execution or the actual officer who searched plaintiff.

68. The city of St. Paul's failure to comply with Ms. Gross's request for access under the Minnesota Government Data Practices Act inflicted damages on plaintiff.

## CLAIM XVI: COMMON LAW NEGLIGENCE (CITY OF ST. PAUL)

69. Plaintiff realleges and reasserts each and every claim and averment above.

70. The City of St. Paul, by respondeat superior, by the actions of defendant Catherine McGuire breached their duty of ordinary care to protect the security of the plaintiff's person, without protection of official or statutory immunity.

71. Defendants' breach of duty of ordinary care directly caused damages to the plaintiff.

## WHEREFORE, PLAINTIFF REQUESTS THE FOLLOWING RELIEF:

A. Judgment for the plaintiff against the defendants, jointly and severally;

B. Compensatory damages in excess of $250,000 against defendant McGuire for Claim I, or such sum as the jury shall award;

C. Compensatory damages in excess of $250,000 against defendant McGuire for Claim II, or such sum as the jury shall award;

D. Punitive damages against defendant McGuire in excess of $250,000 for Claims I and II, or such sum as the jury shall award;

E. Punitive damages against City of St. Paul in accordance with Minn. Stat. § 363A.29 up to $8,500, or such sum as the jury finds;

F. Civil penalty against City of St. Paul in accordance with Minn. Stat. § 363A.29 in such sum as the jury finds;

G. Actual damages against City of St. Paul in accordance with Minn. Stat. § 13.08 subd. 1, or such sum as the jury shall find;

H. Exemplary damages against City of St. Paul in accordance with Minn. Stat. § 13.08 subd. 1, up to $15,000, or such sum as the jury shall find;

I. Civil penalty up to $300 against City of St. Paul in accordance with Minn. Stat. § 13.08 subd. 4(a);

J. Costs, disbursements, and reasonable attorney's fees in accordance with 42 U.S.C. § 1988 and Minn. Stat. §§ 13.08 subd. 1 and 4, and 363A.33;

K. Costs, disbursements, reasonable expert witness fees, and reasonable attorney's fees in accordance with Minn. Stat. §§ 13.08 subd. 1 and 4(a) and 363A.33; and

L. All legal and equitable relief appropriate under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY.

## VERIFICATION

Having reviewed the above complaint, plaintiff avers under affirmation, mindful of all lawful consequences of knowing false affirmation, that the above complaint, except those statements made upon information or belief, are true to the plaintiff's present knowledge.

Date: 6/24/10

Michelle Gross

STATE OF MINNESOTA )
) SS.
COUNTY OF Wayne )

Subscribed and affirmed before me this 24th day of June, 2010.

_____
Notary Public

VELVET MYLES
Notary Public - Michigan
Wayne County
My Commission Expires May 26, 2014
Acting in the County of Wayne

Date:  25 June 2010                TED DOOLEY LAW OFFICE, LLC

/s/Ted Dooley

---

Ted Dooley, MN Att'y #0189583
Attorney for the plaintiff
Suite 100, Park Building
1595 Selby Avenue
St. Paul, MN 55104
Tel. 651.292.1514 / FAX  651.292.0415
Email: teddooleylaw@winternet.com

Date: 25 June 2010                PETER J. NICKITAS LAW OFFICE, LLC

/s/ Peter J. Nickitas

---

Peter J. Nickitas, MN Att'y #212313
Co-counsel for the plaintiff
431 S. 7th Street, Suite 2446
P.O. Box 15221
Minneapolis, MN 55415-0221
Tel. 651.238.3445/FAX 952.546.6666
Email: peterjnickitaslawllc@gmail.com,
PeterN5@aol.com

**PETER J. NICKITAS LAW OFFICE, L.L.C.**
**PETER J. NICKITAS**
ATTORNEY AT LAW
431 S. 7TH STREET, SUITE 2446
P.O. BOX 15221
MINNEAPOLIS, MINNESOTA 55415-0221
TEL. 651.238.3445-FAX 952.546.6666
EMAIL: PETERJNICKITASLAWLLC@GMAIL.COM, PETERN5@AOL.COM
LICENSED IN MINNESOTA AND WISCONSIN

18 June 2010

Clerk of Court
U.S. Courthouse, Room 200
300 S. 4th St.
Minneapolis, MN 55415

Re: Gross v. McGuire et al., (D. Minn. 2010)

Dear Clerk of Court:

    I represent plaintiff as co-counsel. Please find accompanying this letter the following:

(a) Summons
(b) Complaint
(c) Civil Cover Sheet
(d) Check for $350

Very truly yours,

/s/ Peter J. Nickitas
Peter J. Nickitas

Enclosures
cc: Ms. Michelle Gross
    Ted Dooley